SO ORDERED: December 21, 2005.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH MICHAEL FRAPPIER | ) | CASE NO. 05-22556-AJM-7 |
| | ) | |
|    Debtor | ) | |
| | ) | |
| GEORGE GOMEZ | ) | CASE NO. 05-22570-AJM-7 |
| | ) | |
|    Debtor | ) | (Jointly administered under |
| | ) | Case No. 05-22556-AJM-7) |
| | ) | |

**ORDER DENYING MOTION TO AVOID JUDICIAL LIEN of IDR**

Debtors Joseph Michael Frappier and George Gomez filed their respective chapter 7 cases on October 4, 2005 which are being jointly administered under case number 05-22556-AJM-7.  The Debtors own real estate located at 3317 South Brill Road, Indianapolis, Indiana, 46227 (the "Real Estate") as joint tenants with rights of survivorship. The Indiana Department of Revenue (the "IDR") issued tax warrants for

tax liabilities owed by debtor Joseph Michael Frappier (hereinafter, "Frappier") which were recorded on September 24, 2001 and December 10, 2001 and became liens against the Real Estate. The tax liens amount to $17, 581.66 (collectively, the "lien") plus statutory interest.

Frappier contends that the fair market value of the Real Estate is $187,666.00 and that the aggregate of the total unavoidable liens plus his allowable exemption exceeds the fair market value of the Real Estate and therefore the IDR's lien can be avoided in its entirety.

Any analysis under §522(f) as to the value of the Real Estate and whether the lien impairs an exemption may be premature since the IDR contends that its lien is not a judicial lien subject to avoidance under §522(f), but rather a statutory lien which cannot be avoided.

Hearing on Frappier's motion and the IDR's response was held on November 30, 2005 wherein Frappier appeared by counsel Steve Dick and the IDR appeared by its counsel, Brian Salwowski. The parties argued their respective positions and submitted case law to the Court. The Court took the matter under advisement. For the reasons that follow, the Court determines that the IDR's lien is not a judicial lien that can be avoided under §522 and therefore Frappier's motion is denied. This entry constitutes findings and conclusions to the extent required under Rules 9014 and 7052.

## *Discussion*

Bankruptcy Code §522(f)(A) allows a debtor to avoid the fixing of a lien on a debtor's interest in property to the extent the lien impairs an exemption to which the debtor would have been entitled if such lien is a judicial lien. The only issue is whether

the IDR's lien is a "judicial" lien.

### *Creation of IDR's lien*

If the IDR determines that a tax is owed, it assesses the tax, and issues a demand notice to the taxpayer, who, in turn, has ten (10) days from the date the notice is mailed to either pay the amount or show reasonable cause for not paying the amount. The taxpayer's failure to pay or show reasonable cause within the ten day period allows the IDR to issue a tax warrant for the amount of the tax, interest, penalties and other costs. The warrant is then filed with the circuit court of any county in which the taxpayer owes property, but the warrant cannot be filed less than twenty (20) days after the IDR mailed the demand notice. The IDR may also send the warrant to the sheriff of the county in which the taxpayer owns property and direct the sheriff to file the tax warrant with the county circuit court within the same time period. Once the circuit court receives the tax warrant, the clerk of that court records the warrant by making an entry in the judgment record by noting the name of the taxpayer, the amount of the tax, including all other applicable costs, and the date the warrant was filed with the circuit court clerk. *At the time that entry is made*, the total amount of the tax warrant *becomes a judgment* against the taxpayer and that judgment creates a lien which attaches to the taxpayer's interest in any real or personal property in the county and is valid for ten (10) years from the date the judgment is filed. Ind Code §6-8.1-8-2. Once the tax becomes a judgment, the IDR may institute proceedings supplemental to collect the tax and may seize bank accounts, garnish earnings and levy upon property without subsequent judicial proceedings. Ind. Code §6-8.1-8-8; *State Dept. of Revenue v. Deaton*, 755 N.E.

3

2d 568, 570-71 (Ind. 2001).  The Supreme Court of Indiana in *Deaton* stated that "once a tax warrant becomes a judgment lien, the day for disputing the tax is over and the matter has progressed to the collection stage....a final determination of the Department is the equivalent of a judgment".  *Id*. at 571.   It is this finality and use of the term "judgment" that Frappier argues that the resulting lien is a "judicial" lien that can be avoided under §522(f).

### *"Judicial Lien" and "Statutory Lien" Defined*

The Bankruptcy Code defines both a "judicial lien" and a "statutory lien", and by definition, they are mutually exclusive.  A "judicial" lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding".  11 U.S.C. §101(36).  A "statutory lien" is

> a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include ....judicial lien, whether or not such interest or lien is provided for or is made dependent on a statute and whether or not such interest or lien is made fully effective by statute".

11 U.S.C. §101(53).

The distinguishing characteristic that determines whether a lien is statutory or judicial is how the lien arises, not the method by which it is enforced.  For example, if the lien "arises without judicial action, it is a statutory lien even though it is enforced through judicial proceedings; if it arises only upon judicial action it is a judicial lien even though it is based on a statute." *King v. Cherrywood Residents Association, Inc. (In re King)*, 208 B.R. 376, 379 (Bankr. D. Md. 1997).  When a lien is *created* by the filing of a warrant in the appropriate court and the corresponding docketing of that warrant by the

proper court official, the lien is statutory despite the fact that it can be enforced at that point as a judgment. See, *In re Schick*, 418 F.3d 321 (3rd Cir. 2005)[1], *In re Washington*, 242 F.3d 1320 (11th Cir. 2001)[2]; *In re Graffen,* 984 F.2d 91 (3rd Cir. 1992)[3]. The ministerial act of docketing a warrant by a court official for the lien to be created is merely a condition for the creation of the lien, and is not sufficient "judicial" involvement for the lien to be considered to have arisen by a judicial proceeding. *Schick*, 418 F.3d at 326; *Washington,* 242 F.3d at 1324; *Graffen*, 984 F.2d at 97.

Here, Frappier has not disputed that the IDR followed the necessary procedures (issued a tax warrant, filed the warrant with the appropriate circuit court which in turn was docketed by the appropriate judicial officer) to obtain the lien on the Real Estate; nor does he dispute that the IDR in fact obtained a lien on the Real Estate. Rather, his only contention is that the lien, admittedly valid, is avoidable under §522(f). Based on the cases cited above, Bankruptcy Judge Grant of the Northern District of Indiana has addressed the identical issue presented here and has determined that the IDR's lien for

---

[1] The method by which the state of New Jersey penalized violators of motor vehicle laws was to impose a surcharge, the amount for which the New Jersey Motor Vehicle Commission ("MVC") filed a certificate of debt with the Clerk of the Superior Court. The sole responsibility of the Clerk was to docket the certificate of debt in the amount of the surcharge. Once the certificate was docketed, it became a lien on the debtor's real estate. The 3rd Circuit Court of Appeals held that the underlying traffic proceeding charging a debtor with a traffic offense had no bearing to the creation of the lien and was too remote to constitute the "judicial proceeding' required to create a judicial lien. 418 F.3d at 326.

[2] A Florida attorney's "charging" lien which secured payment of fees owed by client and perfected merely by timely notice arose by operation of law and therefore was held to be statutory when all of the requirements (fee agreement, express or implied understanding regarding payment and client's attempt to avoid payment) were satisfied. 242 F.3d at 1323.

[3] Pennsylvania state law authorized the City of Philadelphia to impose liens against properties that benefit from unpaid water and sewer service. The city water department filed a "water lien" in the "water lien book" in city hall and it became a lien against real property owned by the debtor after the lien was docketed by the prothonotary. The lien was held to arise "solely by force of statute on specified circumstances or conditions" and therefore was determined to be statutory. 984 F.2d at 96.

unpaid taxes was a statutory lien and not a judicial lien:

> No judicial or administrative proceedings of any kind were required before the lien came into being.  Instead, all that was needed was for the department to issue a tax warrant to be filed with the clerk of the circuit court.   Once the warrant was docketed, it became a judgment and created a lien upon the taxpayer's property.  Liens arising in this fashion are statutory, not judicial liens.

*(*citations omitted). *Matter of Pfister*, No. 04-14914, slip op. at 5-6 (Bankr. N. D. Ind. August 26, 2005).  This Court finds Judge Grant's analysis persuasive and likewise concludes that the IDR's liens here are statutory and cannot be avoided under 11 U.S.C. §522(f).  This result is consistent with the legislative history behind §522(f) which indicated that mechanic's liens, materialmen's liens, warehousemen's liens *and tax liens* were types of statutory liens.  See, S. Rep. 95-989 at 27; H.R. Rep. No. 950595 at 314 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5813, 6271; see also, *Schick*, 418 F.3d at 324; *Graffen*, 984 F.2d at 97.

Accordingly, the IDR's objection is SUSTAINED and Frappier's motion to avoid IDR's lien is DENIED.

# # #

Distribution:

Steven K. Dick, Attorney for the Debtor, Joseph Frappier
Elizabeth Ann Whelan, Deputy Attorney General, for the IDR
Brian Salwowski, Deputy Attorney General, for the IDR
Michael Hebenstreit, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee